UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Chester H. Hall, Jr.</u>

     v.                                 Civil No. 13-cv-387-JD
                                         Opinion No. 2014 DNH 133

<u>Bank of America, N.A.</u>
<u>and Federal Home Loan</u>
<u>Mortgage Corporation</u>

<u>O R D E R</u>

Chester H. Hall, Jr. filed a petition to enjoin foreclosure
and then filed an amended petition and complaint against Bank of
America, N.A. and the Federal Home Loan Mortgage Corporation
("FHLMC") in state court.  The defendants removed the case to
this court and moved to dismiss all claims.[1]  Hall objects.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant
may move to dismiss on the ground that the plaintiff's complaint
fails to state a claim on which relief may be granted.  In
assessing a complaint for purposes of a motion to dismiss, the
court "separate[s] the factual allegations from the conclusory
statements in order to analyze whether the former, if taken as
true, set forth a plausible, not merely conceivable, case for
relief."  <u>Juarez v. Select Portfolio Servicing, Inc.</u>, 708 F.3d
269, 276 (1st Cir. 2013) (internal quotation marks omitted).  "If

---

[1]The Federal Housing Finance Agency's motion to intervene
was granted.

the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility." Id. (internal quotation marks omitted).

The defendants appended documents to the motion, including the note, the mortgage, assignments, Hall's bankruptcy petition, and Hall's bankruptcy discharge.  Hall appended documents to his objection, including the mortgage and related documents, a subordination agreement, and documents from his bankruptcy case. Because the documents the parties submitted are not objected to and may be considered for purposes of a motion to dismiss, the motion is not converted to one for summary judgment.  Fed. R. Civ. P. 12(d); see Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); accord Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 100, n.1 (1st Cir. 2013).


Background

In 2008, Hall refinanced his 2005 home mortgage with Countrywide Bank, FSB.  The interest rate on the mortgage loan increased in 2008 because of the adjustable rate provision.  Hall could not afford the monthly payments after the interest rate increase.  Hall agreed to pay Countrywide $10,000 in order to have a ten year interest only loan with a thirty year fixed interest rate.

Countrywide continued to charge Hall both principal and interest on the loan and the interest rate continued to change. Hall fell behind on his payments.  Bank of America, N.A. succeeded Countrywide through merger.  Hall again offered to pay a lump sum, but Bank of America refused to accept his offer. Hall attempted to engage in loss mitigation efforts without success.

Hall filed for bankruptcy in April of 2011 and listed his mortgage as a debt to be discharged.  He was granted a discharge under 11 U.S.C. § 727 on January 30, 2012.  Hall alleges that Bank of America or FHLMC scheduled foreclosures approximately twelve times based on his default on the 2008 mortgage.  Bank of America assigned Hall's mortgage to FHLMC in March of 2014.

## Discussion

Hall brings ten claims against Bank of America and FHLMC.[2] He alleges fraud and misrepresentation in inducing the mortgage and in loan modification, wrongful foreclosure and lack of standing to foreclose, promissory estoppel, and failure to act in good faith.  The defendants move to dismiss on the grounds that Hall cannot assert the claims challenging the validity of the mortgage that he failed to disclose in the bankruptcy proceeding, that the fraud and misrepresentation claims are time barred, that

_____

[2]A stipulation of dismissal was previously entered as to an eleventh claim.

the fraud and misrepresentation claims are not properly pleaded, that the economic loss doctrine bars the tort claims, that the claims challenging foreclosure fail as a matter of law, that Hall fails to state a claim for promissory estoppel, and that Hall fails to state a claim for violation of the implied covenant of good faith and fair dealing.  Hall objects, arguing that he is asserting defenses to foreclosure, not claims that are subject to the issues that the defendants raise; that he adequately pleaded fraud and negligent misrepresentation; that the defendants breached the contract with him; that the defendants do not have the authority to foreclose; and that he pleaded sufficient facts to support his "promissory estoppel defense" and "good faith and fair dealing defenses."

A.  <u>Defenses Rather than Claims</u>

In response to the motion to dismiss, Hall asserts, citing <u>Bolduc v. Beal Bank, SSB</u>, 994 F. Supp. 82, 90 (D.N.H. 1998), that his claims are more properly considered as affirmative defenses to the defendants' foreclosure efforts.  Based on that reasoning, Hall contends that the issues raised by the defendants in the motion to dismiss do not apply to his complaint.

The plaintiffs in <u>Bolduc</u> sought an injunction to prevent foreclosure on their home and alleged that the defendant had violated the Equal Credit Opportunity Act, the Bank Holding Company Act, the Truth in Lending Act, and New Hampshire

statutes.  Id. at 86-88.  The defendant argued that the Bolducs'
suit was barred by the Financial Institutions Reform, Recovery
and Enforcement Act ("FIRREA"), which imposes exhaustion
requirements for claims made against a failed bank after the FDIC
is appointed receiver.  Id. at 88.

The FIRREA exhaustion requirement pertains to actions
seeking payment from FDIC-run banks.  12 U.S.C. § 1821(d)(13)(D).
The district court held that the FIRREA exhaustion requirement
did not apply to the Bolducs because they were asserting defenses
against the bank's efforts to collect from them rather than
claims against the bank for money.  Id. at 90.  On appeal, the
court also concluded that the Bolducs' suit did not fall within
the FIRREA exhaustion requirement because the Bolducs were not
seeking payment from the bank.  Bolduc v. Beal Bank, SSB, 167
F.3d 667, 671-72 (1st Cir. 1999).

Despite the breadth of the language used by the district
court in Bolduc, the case is limited to the issue it addresses,
the application of the FIRREA exhaustion requirement.  The
appeals court decision makes the distinction plain.  The FIRREA
exhaustion requirement is not an issue in this case.

Bolduc does not support the proposition asserted by Hall
that a suit to stop foreclosure proceedings alleges affirmative
defenses, not claims.  Instead, the Federal Rules of Civil
Procedure govern the pleadings in this case.  See Fed. R. Civ. P.
8.  As the plaintiff, Hall alleges claims that are subject to the
defendants' motion to dismiss.

B.  Effect of Bankruptcy

The defendants contend that Hall cannot pursue his claims
for fraud, misrepresentation, promissory estoppel, and breach of
the duty of good faith and fair dealing in Counts I, II, III, IV,
VI, and X because Hall failed to raise those claims during the
bankruptcy proceeding and then received a discharge of the note.
In response, Hall acknowledges the general rule that a debtor in
a bankruptcy action is estopped from later litigating claims that
were not disclosed during the bankruptcy proceeding.  See Guay v.
Burack, 677 F.3d 10, 20-21 (1st Cir. 2012).  He argues, however,
that judicial estoppel should not apply here because he did not
conceal the claims in the bankruptcy court.

In Guay, the court noted that some circuits have allowed an
exception to the rule of judicial estoppel when the debtor lacked
knowledge of undisclosed claims or did not intend to conceal the
claims.  Id. at 20.  The court left the question open, because
the facts in Guay did not require a decision, but strongly
suggested that the exception would not be recognized in this
circuit.  Id. at n.7 ("We have never recognized such an exception
and have noted that deliberate dishonesty is not a prerequisite
to application of judicial estoppel.  Schomaker v. United States,
334 Fed. Appx. 336, 340 (1st Cir. 2009) [parenthetical
omitted].").  Exceptions to judicial estoppel may arise when
"'the party's prior position was based on inadvertence or
mistake,'" or when a change in the governing law causes a change
in legal positions.  Boston Gas Co. v. Century Indem. Co., 708

6

F.3d 254, 263 (1st Cir. 2013) (quoting <u>New Hampshire v. Maine</u>,
532 U.S. 742, 753 (2001)).

To the extent exceptions to judicial estoppel may exist,
they are not applicable here.  Based on the complaint, Hall knew
the facts that he alleges in support of his claims in 2011 when
he filed for bankruptcy protection and before he received the
discharge in bankruptcy in January of 2012.  Hall does not
suggest he was mistaken during the bankruptcy proceeding about
the claims he now asserts or that the law has changed.

Hall does not dispute that if his claims are construed as
claims, rather than affirmative defenses, and if no exception
applies, he is judicially estopped by the bankruptcy proceeding
from asserting the claims he makes here in Counts I, II, III, IV,
VI, and X.  Therefore, the defendants' motion to dismiss Counts
I, II, III, IV, VI, and X is granted.  Because the motion is
granted on the ground of judicial estoppel, the court need not
consider the alternative grounds raised by the defendants in
support of the motion to dismiss those claims.


C.  <u>Claims Challenging Foreclosure - Counts V, VII, VIII, and IX</u>

The defendants move to dismiss Hall's claims that challenge
foreclosure on the grounds that the defendants' actions do not
breach the mortgage or note, wrongful foreclosure does not
pertain where foreclosure has not yet occurred, and the
bifurcation theory that the mortgage is void unless the same
party holds the note is not valid under New Hampshire law.  Hall

objects, arguing that the defendants breached the contract by
foreclosing, that the bankruptcy discharge does not preclude the
requirement that the defendants prove their authority to
foreclose, that a claim of wrongful foreclosure is actionable
before foreclosure is complete, and that the defendants cannot
foreclose because they cannot show that they hold the note and
the mortgage.

      1.  <u>Wrongful Foreclosure - Breach of Contract - Count V</u>

In support of his breach of contract claim, Hall alleges:

"[Hall's] first and second mortgage allow foreclosure
only in the event that [he] defaults on his obligations
under the Note and/or Mortgage.  BOA [Bank of America]
claims that [Hall] defaulted by not making his monthly
mortgage payments.  Hall could not afford his monthly
mortgage payments, because Countrywide Bank, FSB and/or
BOA breached the terms of his contract by increasing
his monthly interest rate and by charging him principal
in addition to interest.

First Am. Verified Petition & Complaint, ¶ 40.  He further
alleges that as a result of Bank of America's "own breach," he
defaulted, and Bank of America "attempted foreclosure."  He
concludes that "[a]s a proximate result of BOA's wrongful
foreclosure, [he] has suffered losses. . . ."  <u>Id.</u> ¶ 42.

    The defendants assert that the only contract that is still
enforceable is the mortgage because the note has been discharged
in bankruptcy.  The defendants further assert that once Hall
defaulted, they were allowed to proceed with foreclosure as
provided by the mortgage and the power of sale statutes, RSA

8

§ 477:25-:27-a, § 477:29, and § 479:25.  Therefore, they contend,
they did not breach their contract with Hall.

In his objection, Hall contends that in 2008, after the
parties executed the note and mortgage, he entered into a new
agreement with Countrywide that provided new payment terms.  In
support, Hall cites paragraph 12 of his complaint which states
that in early 2008 his interest rate increased because of the
adjustable rate provision so that he could not afford his monthly
payments and that he agreed to pay $10,000 to Countrywide "in
exchange for a ten (10) year interest-only loan at a thirty (30)
year fixed rate."  Hall now asserts that his breach of contract
claim can be based on his allegations about a separate contract.

Hall apparently does not intend to pursue the breach of
contract claim alleged in Count V of his amended complaint, that
the defendants breached the mortgage and note.  As the defendants
point out, Hall cannot amend his complaint to assert a new claim
by allegations in his objection to the motion to dismiss.[3]

To the extent Hall intended to allege a claim of wrongful
foreclosure, he has not alleged facts to support that claim.  See
Worrall v. Fed. Nat'l Mortg. Ass'n, 2013 WL 6095119, at *3
(D.N.H. Nov. 20, 2013).

---

[3]Hall is represented by counsel.

2.  <u>Counts VII, VIII, and IX</u>

Hall challenges the defendants' power and authority to
foreclose.  In Count VII, Hall alleges that FHLMC lacks the power
and authority to foreclose because it does not hold the mortgage
or the note.  In Count VIII, Hall alleges that the defendants
cannot foreclose because under New Hampshire law the note and
mortgage must be transferred together and it appears that the
note and mortgage have been "bifurcated."  In Count IX, Hall
alleges that the defendants breached a duty owed to him to act in
good faith and with due diligence by foreclosing or threatening
to foreclose without first determining whether they had a right
to foreclose.

In support of their motion to dismiss, the defendants have
demonstrated, through copies of the note, mortgage, and public
documents, that Countrywide Bank provided a refinance loan to
Hall in 2008 in exchange for the note and the mortgage on Hall's
property.  In 2009, Countrywide merged with Bank of America.
Bank of America held the note and mortgage on Hall's property
through the bankruptcy proceeding, resulting in discharge of the
note in January of 2012, until it assigned the mortgage to FHLMC
in March of 2014.  FHLMC is the record holder of the mortgage.

Because the note is no longer enforceable, having been
discharged in bankruptcy, and FHLMC holds Hall's mortgage, the
defendants move to dismiss the claims challenging their authority
to foreclose.  Hall acknowledges that he did not file a
reaffirmation agreement as to the loan and does not dispute that

10

the note was discharged through his bankruptcy proceeding.  Hall makes a convoluted argument that because he intended to keep his home when he originally filed for bankruptcy protection under Chapter 13, he can hold "[FHLMC] to its burden of proving that it has the power and authority to foreclose."

The defendants have demonstrated that FHLMC holds the mortgage to Hall's home and that the note is unenforceable.  Therefore, Hall's claims challenging the defendants' power and authority to foreclose lack merit and are dismissed.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 23) is granted.  All claims in the amended petition and complaint are dismissed with prejudice.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 11, 2014

cc:  Jennifer Turco Beaudet, Esq.
     Mark Sutherland Derby, Esq.
     Stephen T. Martin, Esq.
     Thomas J. Pappas, Esq.
     David W. Rayment, Esq.